ANTHONY D. HILL,

  Petitioner,

v.               CIVIL ACTION NO.: CV212-051

THOMAS AMMONS, Warden,

  Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Anthony D. Hill ("Hill"), an inmate currently incarcerated at Autry State Prison in Pelham, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a Motion to Dismiss. Hill filed a Reply. For the following reasons, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Following a jury trial in the Superior Court of Appling County, Hill was convicted of malice murder, felony murder, robbery by force, aggravated battery, and aggravated assault. Hill v. State, 555 S.E.2d 696 (Ga. 2001). On March 13, 1998, he was sentenced to life in prison for malice murder and terms of 20 years in prison for robbery by force and aggravated battery, with both 20-year terms to be consecutive to his life sentence; the other crimes merged into those for which he was sentenced. Id. at 698 n.1. Hill appealed, and, on November 19, 2001, the Georgia Supreme Court affirmed his convictions and sentences for malice murder and robbery by force and vacated his sentence for aggravated battery. Id. at 701. The Georgia Supreme Court denied Hill's

motion for reconsideration on December 14, 2001. Id. Hill then had 90 days during which he could have filed a petition for writ of certiorari in the United States Supreme Court. SUP. CT. R. 13. Because he did not file a petition for writ of certiorari in the United States Supreme Court, Hill's convictions and sentences became final on March 14, 2002.

Hill filed a habeas corpus petition in the Superior Court of Mitchell County, challenging his Appling County convictions, on July 8, 2008. (Doc. No. 12-2, p. 1). The Superior Court of Mitchell County dismissed the petition as untimely under O.C.G.A. § 9-14-42(c). (Doc. No. 12-3, p. 1). On April 18, 2011, the Georgia Supreme Court denied Hill's application for a certificate of probable cause to appeal the dismissal of his state habeas petition. (Doc. No. 12-4, p. 1).

Hill filed the instant petition on March 1, 2012. Hill challenges his Appling County convictions on the following grounds: (1) "fatal variance between the indictment and the proof as to counts # one and # two of the indictment charging malice and felony murder" (Doc. No. 1, p. 5); (2) "constructive amendment to the indictment by the trial court" (Id.); (3) unfair jury instructions; (4) ineffective assistance of trial counsel; and (5) ineffective assistance of appellate counsel. Respondent contends that Hill's petition should be dismissed as untimely.

## DISCUSSION AND CITATION OF AUTHORITY

Through the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress amended Title 28 United States Code Sections 2244 and 2254 to accelerate the process for filing habeas corpus petitions by a person in custody pursuant to a judgment of a state court. The amendment sets forth a one year statute of limitation within which

AO 72A
(Rev. 8/82)

prisoners must file their federal habeas petitions. 28 U.S.C. § 2244(d)(1). According to the AEDPA, the statute of limitation period shall run from the latest of four possible dates:

> (A) the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The applicable statute of limitation is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In order to toll the statute of limitation, the properly filed application for state post-conviction or other collateral review must be filed before the AEDPA statute of limitation has run. Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding that "a state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled") (internal punctuation and citations omitted).

Hill argues that the filing of his July 8, 2008, habeas corpus petition in the Superior Court of Mitchell County tolled the § 2244 statute of limitation applicable to his § 2254 petition. He argues that his state habeas petition was improperly dismissed as

untimely.[1] Hill asserts that because his state habeas petition was, in fact, timely, its filing tolled the § 2244 statute of limitation applicable to his § 2254 petition.

As previously stated, under § 2244(d)(1)(A), Hill's convictions and sentences became final on March 14, 2002. Hill had until March 13, 2003, to file a petition pursuant to § 2254 or to toll the statute of limitation by filing a state collateral attack. He did neither. Hill filed the habeas corpus petition in the Superior Court of Mitchell County on July 8, 2008, and he filed the instant § 2254 petition on March 1, 2012. Even if his July 8, 2008, state court petition was, as he argues, timely, it was not filed by March 13, 2003; as a result, it could not toll the statute of limitation for his § 2254 petition. Tinker, 255 F.3d at 1333. Hill's § 2254 petition is untimely and should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and that Hill's petition be **DISMISSED** as it was not timely filed.

**SO REPORTED** and **RECOMMENDED**, this 11th day of June, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Specifically, Hill argues that the sentencing court did not inform him of the statute of limitation applicable to filing state habeas corpus petitions, O.C.G.A. § 9-14-42(c), as was required by O.C.G.A. § 9-14-42(d). Although the undersigned's recommendation is based on other grounds, as discussed below, it can be noted that O.C.G.A. § 9-14-42 became law in 2004. See Taylor v. Williams, 528 F.3d 847, 850 n.9 (11th Cir. 2008).

4