FILED
U.S. DISTRICT COURT

'12 JUL 11 AM 11: 30

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CLERK _____
SO. DIST. OF GA.

ANTHONY D. HILL,                          :

        Petitioner,                :

v.                                        :        CIVIL ACTION NO.: CV212-051

THOMAS AMMONS, Warden,                    :

        Respondent.                :


**O R D E R**


Petitioner Anthony D. Hill ("Hill") filed an Objection to the Magistrate Judge's Report dated June 11, 2012, which recommended that Hill's 28 U.S.C. § 2254 petition be dismissed. After an independent and de novo review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

In his Objection, Hill argues that the Magistrate Judge erred in determining that his § 2254 petition is time-barred. Through the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress amended Title 28 United States Code Sections 2244 and 2254 to accelerate the process for filing habeas corpus petitions by a person in custody pursuant to a judgment of a state court. The amendment sets forth a one year statute of limitation within which prisoners must file their federal habeas petitions. 28

U.S.C. § 2244(d)(1).  According to the AEDPA, the statute of limitation period shall run from the latest of four possible dates:

> (A) the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  The applicable statute of limitation is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

As discussed in Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001), and in the Magistrate Judge's report, in order to toll the AEDPA statute of limitation applicable to § 2254 petitions, the properly filed application for state post-conviction or other collateral review must be filed before the AEDPA statute of limitation has run.  Once the applicable statute of limitation has run, there is no time period remaining to toll.  Id.

The Magistrate Judge determined that, under 28 U.S.C. § 2244(d)(1)(A), the limitations period for Hill's § 2254 petition ran on March 13, 2003.  (Doc. No. 16, p. 4).  Hill argues that the Magistrate Judge should have used § 2244(d)(1)(D) to determine the date on which the statute of limitation period began to run.  Using § 2244(d)(1)(D), Hill argues that the statute of limitation began to run on his § 2254 petition in 2004.

AO 72A
(Rev. 8/82)

(Doc. No. 19, pp. 3–4).   Hill does not state on what date in 2004 he contends the limitations period began to run.   Giving Hill the benefit of the doubt, if the limitations period began to run December 31, 2004, Hill had until December 30, 2005, to file a petition pursuant to § 2254 or to toll the statute of limitation by filling a state collateral attack.   He did neither.   Hill filed a state habeas corpus petition in the Superior Court of Mitchell County on July 8, 2008, and he filed the instant § 2254 petition on March 1, 2012.   (See Doc. No. 12-2, p. 1 and No. 1).   As a result, even if the statute of limitation began to run in 2004, as argued by Hill, his § 2254 petition is still untimely.

Hill also argues in his Objection and in a Motion to Grant Petition as Timely that he should not be held accountable for his failure to timely file because the sentencing court did not inform him of the statutes of limitations relevant to his state habeas corpus petition and his federal § 2254 petition.   The statute of limitation applicable to Hill's state habeas petition, O.C.G.A. § 9-14-42(c), does not affect the timeliness of his federal § 2254 petition because, regardless of the state petition limitation period, Hill needed to file his state habeas petition before the federal limitations period ran if he wanted his state habeas petition to toll the federal limitations period.   See Tinker, 255 F.3d at 1333. As to the federal limitations period, the AEDPA does not require state sentencing courts to inform convicted persons of the relevant statute of limitation.   See 28 U.S.C. § 2244. Furthermore, there is no law to support Hill's contention that the sentencing court has such a duty.

Hill's Objection to the Magistrate Judge's Report and Recommendation is without merit and is **overruled**.   Hill's Motion to Grant Petition as Timely is **DENIED**.   The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the

AO 72A
(Rev. 8/82)

Court.  Respondent's Motion to Dismiss is **GRANTED**.  Hill's 28 U.S.C. § 2254 petition

is **DISMISSED**.  The Clerk of Court is directed to enter the appropriate judgment of

dismissal.

        **SO ORDERED**, this __10__ day of ___July___, 2012.

                                  LISA GODBEY WOOD, CHIEF JUDGE
                                  UNITED STATES DISTRICT COURT
                                  SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)